IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-CV-

STEVEN DANIEL FELIX

                Plaintiff,

v.

JACKSON INVESTMENT PROPERTIES, LLC

                Defendant.

---

## COMPLAINT

---

Plaintiff STEVEN DANIEL FELIX ("Plaintiff" or "Mr. FELIX"), by and through his attorney, as and for his complaint against Defendant JACKSON INVESTMENT PROPERTIES, LLC ("Defendant"), alleges as follows:

### I. CLAIM

1. Mr. FELIX, a person with a physical disability and significant impairments, brings this action for declaratory and injunctive relief, attorney's fees, costs, and litigation expenses against Defendant for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181, et seq. ("ADA"), and its attendant regulations, the Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

2. Defendant refused to provide Mr. FELIX and others similarly situated with sufficient ADA-compliant parking in the parking lot that serves ANIMAS EYE CARE. At the Durango location, there is no ADA-compliant van-accessible space on the shortest access route to the main entrance. There is no disabled parking.

Based on these facts, Defendant has denied Mr. FELIX the ability to enjoy the

1

goods, services, facilities, privileges, advantages, and accommodations at ANIMAS EYE CARE.

## II. JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

4.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as the events complained of occurred in Durango, Colorado, where the ANIMAS EYE CARE business is located.

## III. PARTIES

5.      Plaintiff STEVEN DANIEL FELIX is an honorably discharged U.S. Army veteran who served in Iraq, Afghanistan and South Korea. As a result of his service, Mr. Felix is 100% disabled, as established by the Federal government and the Veteran's Administration. Mr. Felix has Disabled Veteran license plates on his vehicle as issued by the State of Colorado. Mr. Felix has significant impairments and is a "qualified individual with a disability" within the meaning of ADA Title III.

6.      Defendant JACKSON INVESTMENT PROPERTIES, LLC owns, manages, controls, and leases the improvements and building where the ANIMAS EYE CARE is situated. The address of ANIMAS EYE CARE is 1845 Main Avenue, Durango, CO 81301. The business is a place of public accommodation, operated by a private entity, whose operations affect commerce within the meaning of Title III of the ADA.

7.      Defendant JACKSON INVESTMENT PROPERTIES, LLC is the owner

of the property. Defendant is a domestic limited liability company whose headquarters is 1845 Main Avenue, Durango, CO 81301. Defendant can be served process via service to its Registered Agent: J. Paul Jackson at 1845 Main Avenue, Durango, CO 81301.

## IV. FACTUAL BACKGROUND

8. ANIMAS EYE CARE is a business establishment and place of public accommodation in Durango, Colorado. ANIMAS EYE CARE is situated on real estate, property, and improvements owned, controlled, managed, and leased out by JACKSON INVESTMENT PROPERTIES, LLC.

9. ANIMAS EYE CARE is not accessible to disabled individuals because it has zero ADA-compliant van-accessible parking spaces near the main entrance. At the Durango location, there is no ADA-compliant van-accessible space (96" space with 96" side access aisle) on the shortest access route to the main entrance. There is no disabled parking.

10. Pictures taken at the location prove this:



ANIMAS EYE CARE business in Durango, CO. There is no ADA-compliant van-accessible space (96" wide with 96" side access aisle) on the shortest route to the main entrance. No disabled parking.



ANIMAS EYE CARE business in Durango, CO. There is no ADA-compliant van-accessible space (96" wide with 96" side access aisle) on the shortest route to the main entrance. No disabled parking.



ANIMAS EYE CARE business in Durango, CO. There is no ADA-compliant van-accessible space (96" wide with 96" side access aisle) on the shortest route to the main entrance. No disabled parking.

11. The Plaintiff went to ANIMAS EYE CARE property in September of 2022.

12. In encountering and dealing with the lack of an accessible facility, the Plaintiff experienced difficulty and discomfort. These violations denied Plaintiff the full and equal access to facilities, privileges and accommodations offered by the Defendant. Plaintiff intends to return to ANIMAS EYE CARE. By not having an ADA-compliant parking area, the Plaintiff's life is negatively affected by not being able to safely access the location. This causes the Plaintiff depression, discomfort, and emotional stress and the Plaintiff is prevented from resuming a normal lifestyle and enjoying access to businesses in his area.

13. Additionally, on information and belief, the Plaintiff alleges that the

failure to remove the barrier was intentional because: (1) this particular barrier is intuitive and obvious; (2) the Defendant exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because Defendant intended this configuration; (3) Defendant has the means and ability to make the change; and (4) the changes to bring the property into compliance are "readily achievable."

14. The Defendant's Durango location does not have the required number of ADA parking spaces. With 1-25 parking spaces, Defendant must have one ADA-compliant van-accessible space (96" wide with 96" side access aisle) with a sign. This space must be located on the shortest accessible route to the main entrance of the business. *See* pictures above.

15. At the Durango location, there are no ADA-compliant van-accessible spaces on the shortest access route to the main entrance. There is no disabled parking on the property whatsoever.

16. The Americans with Disabilities Act (ADA), 42 U.S.C. §12101, has been federal law for 30 years. This is a blatant violation of the ADA.

### V. CLAIM FOR RELIEF - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12101

17. Plaintiff repleads and incorporates by reference, as if fully set forth at length herein, the allegations contained in all prior paragraphs of this complaint.

18. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation are offered on a full and equal basis by anyone who owns, leases,

6

or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a.    A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b.    A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2) (A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix D.

    c.    A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

19.    Pursuant to 28 C.F.R., Part 36, Appendix D (herein after "1991 Standards"), section 4.1.2, and 36 C.F.R., Part 1191, Appendix B (herein after "2010 Standards"), section 208.2, if a business provides between 1 and 25 parking spaces, Defendant must have at least <u>one</u> ADA-compliant van-accessible space (96" wide with 96" side access aisle) near the business entrance.

20.    Here, the Defendant did not provide a sufficient number of ADA-compliant parking spaces in its parking lot, although doing so is easily and readily done,

and therefore violated the ADA. At the Durango location, there are no ADA-compliant van-accessible spaces on the shortest access route to the main entrance. There is no disabled parking on the property whatsoever.

## VI. RELIEF REQUESTED

<u>Injunctive Relief</u>

21. Mr. FELIX will continue to experience unlawful discrimination as a result of Defendant's refusal to comply with the ADA. Injunctive relief is necessary so he and all individuals with disabilities can access the Defendant's property equally, as required by law, and to compel Defendant to repave and restripe the parking lot to comply with the ADA. Injunctive relief is also necessary to compel Defendant to keep the property in compliance with federal law.

<u>Declaratory Relief</u>

22. Mr. FELIX is entitled to declaratory judgment concerning Defendant's violations of law, specifying the rights of individuals with disabilities to access the goods and services at the Defendant's location.

23. The facts are undisputed and Defendant's non-compliance with the ADA has been proven through on-site photographs. Plaintiff proves a *prima facie* case of ADA violations by the Defendant.

<u>Attorney's Fees and Costs</u>

24. Plaintiff is entitled to reasonable attorney's fees, litigation costs, and court costs, pursuant to 42 U.S.C. §12205.

## VII.  PRAYER FOR RELIEF

THEREFORE, Mr. FELIX respectfully requests this Court award the following relief:

A. A permanent injunction, compelling Defendant to comply with the Americans with Disabilities Act; and enjoining Defendant from violating the ADA and from discriminating against Mr. FELIX and those similarly situated, in violation of the law;

B. A declaratory judgment that Defendant's actions are a violation of the ADA;

C. Find that Mr. FELIX is the prevailing party in this action, and order Defendant liable for Plaintiff's attorney's fees, costs, and litigation expenses; and,

D. Grant such other and additional relief to which Plaintiff may be entitled in this action.


DATED: October 10, 2022            Respectfully,

                        By:    /s/ R. Bruce Tharpe
                               R. Bruce Tharpe

                               **LAW OFFICE OF**
                               **R. BRUCE THARPE, PLLC**
                               PO Box 101
                               Olmito, TX 78575
                               (956) 255-5111 (Tel)
                               Email: rbtharpe@aol.com
                               Questions@BruceTharpeLaw.com
                               Admitted in Colorado

                               ATTORNEY OF RECORD FOR
                               PLAINTIFF STEVEN DANIEL FELIX